Cox, J.
J. R. Sayler was the'assignee of the Simpson & Gault Manufacturing Company. By proceedings in the probate court the property was sold and the fund brought into court. There were a number of chattel mortgages and claims against the property, and the court proceeded to distribute the funds to the respective claimants under their chattel mortgages, and settle the rights of the respective mortgagees in regard to their claims. From this order of distribution of the probate court, an appeal was taken to the court of common pleas, and a motion was there made to dismiss the case, on the ground that the probate court had no jurisdiction to act in the matter of *74 paying these mortgages and distributing the funds, as they had determined. That motion was granted and the appeal dismissed. From that judgment error was taken to this court. '
It is claimed here, on the part of the assignee, that the probate court hud no right to make such a distribution; had no right to fix the priority or adjudge the amount due to the respective mortgagees; that all the probate court can do is to fix the priority; that if there be any question as to the rights of parties, as to amounts due, then under sec. 6351 it is the duty of the party seeking to establish his claim, to file his petition in the court of common pleas; that under the decision of the supreme court in Gilliland v. Sellers, 2 Ohio St., 223, the probate court has no jurisdiction to decide the validity of mortgages and distribute the proceeds accordingly. The court there holds under the former administration law, which was almost identical with the law in controversy here, that the court of common pleas, in its capacity as a probate court, under the old constitution, had no right to compel the cancellation of a mortgage; that it was a court of limited jurisdiction; that the power to cancel a mortgage was incidental to a court of chancery alone.
We are unable, from the statement of that case itself, clearly to ascertain that the petition filed in the court of common pleas was under the probate jurisdiction of that court. It seems rather to have been a petition in chancery for the sale of real estate, making a mortgagee a party, and claiming that the mortgage has been paid, and praying for its cancellation.
But the court in that case say, that the supreme court on circuit has held these proceedings to be on the probate side of the court, and being on that side of the court, it had no jurisdiction in the case.
We are cited again to a case decided a few days ago by the supreme court of the state, in which a similar ruling was held in regard to the probate court in case of administration. The supreme court held there, that where property had been conveyed by the decedent during his life-time for the purpose of defrauding creditors, that the probate court could not proceed *75 to order that property sold'for the payment of debts, until a petition had first been filed in the court of common pleas, and the fraudulent conveyance set aside and the estate revested in the fraudulent grantor. Spoors v. Coen, 44 Ohio St.,-; 16 W. L. B., 478.
The case of Lindemann v. Ingham, 36 Ohio St., 1, we think, is decisive of this case, and virtually overrules the case of Gilliland v. Sellers, 2 Ohio St., 223. It fully and clearly sustains the doctrine that where property assigned has been sold by the assignee, and the funds brought into court, the court has exclusive jurisdiction to order the property to be distributed to the persons who are entitled to it. Before this decision it had been held, that where a party had a mortgage on property, and subsequently the mortgagor made an assignment, that the assignee took it only subject to the right of the mortgagor; and that whatever right he or the assignee had, was subject to the right of the mortgagee to hold possession of the property mortgaged until his claim was paid, and that the assignee had no right to» take possession of it as against the mortgagee. But in the Lindemann case, it was held that where the assignee had taken possession of it, and it had been sold and the proceeds brought into the probate court, that that court had the exclusive right to distribute the proceeds.
The statute provides (section 6351) that the court shall order the payment of all incumbrances and liens on all the property according to priority. Now, the term -i priority ” has a very comprehensive meaning in this case. The court is to order payment of liens and incumbrances according to priority. That involves the consideration of quite a number of questions. In the first place, whether there is a lien is a question that the probate court is to decide. That might involve questions of law and questions of equity; and yet the probate court must decide that, and according to priority. If the debt is not a lien; if it is not an incumbrance; if it has no legal existence as either, then there certainly can be no priority, because it does not exist; and the court, in order to ascertain whether there is a priority, must determine whether there is an existing thing that can have a priority ; and that *76 involves, as I said before, both law and equity principles in its decision, and it may involve a great many important and intricate questions, the right of subsequent mortgagees, the date of recording a deed, the sufficiency óf the affidavit of the amount due, or of the right of the mortgagee, and all these questions must necessarily arise when the court decides who shall have priority in point of time. The general rule is that where a person is prior in point of time, he is prior in right, and yet there may be a question where the court must decide that the defendant has no right at all to be prior in time or in right. We think that the case of Lindemann v. Ingham settles this doctrine properly that the probate court, as to this, has exclusive jurisdiction, subject to the right of any person interested to except or appeal to the court of common pleas, under sec. 6407, Rev. Stats. Nor do we think this principle is at all changed by the subsequent provision of section 6351 of the statute, permitting the assignee in all cases where real estate to be sold is encumbered with liens, to commence a civil action in the court of comSion pleas for a sale and determination of all the rights and equities of the parties. This is a right given to him. Whether he is bound to go to the court of common pleas to have all the equities of the case determined as to real estate, is not involved in this case. Here the property consists of a fund derived from the sale of personal property and brought into the probate court, and that court has the exclusive jurisdiction to decide the priorities and fix the rights of all the mortgagees and parties interested.
Thos. McDougall, for plaintiff in error.
Sayler & Sayler, J. O. Harper and Kittredge & Wilby, for defendants.
Judgment reversed.
The case will be remanded to the court of common pleas under instruction to reverse.